UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHIBUMI SHADE, INC.,

     Plaintiff,

v.                                                                 Case No.: 3:22-cv-00351-BJD-LLL

NB SHADES, LLC,

     Defendant.

_____/

**DEFENDANT NB SHADES, LLC'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant NB Shades, LLC answers and asserts affirmative defenses to Plaintiff Shibumi Shade, Inc.'s Complaint as follows:

1. NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 1.

2. Admitted.

3. Admitted that the Complaint purports to make claims for trade dress infringement, false designation of origin, unfair competition, and false advertising under the Lanham Act, for copyright infringement under the Copyright Act, for

deceptive and unfair trade practices under section 501.201, Florida Statutes, for false advertising under section 817.41, Florida Statutes, and for trade dress infringement, unfair competition, and unjust enrichment under Florida common law.  NB Shades denies that Plaintiff is entitled to any relief.

4.     Admitted for jurisdictional purposes only.

5.     Admitted for jurisdictional purposes only.

6.     Admitted that the Court has personal jurisdiction over NB Shades and venue is proper in this District.  Admitted NB Shades conducts business within the State of Florida and this District; otherwise, denied.

7.     Admitted for jurisdictional purposes only.

8.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 8.

9.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 9.

10.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 10.

11.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 11.

12.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 12.

13.     The allegation in paragraph 13 contains a legal conclusion that requires no response; otherwise, denied.

14.     Denied.

15.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 15.

16.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted that NB Shades was aware of Plaintiff's product before developing its own product; otherwise, denied.

23. Admitted.

24. Admitted.

25. Denied.

26. Admitted.

27. Admitted that NB Shades' website provides photos of its product. The website pages attached as Exhibit C to the Complaint speak for themselves; otherwise, denied.

28. Admitted that a version of NB Shades' website was viewable on or around March 10, 2022; otherwise, denied.

29. Admitted.

30.    Admitted that at a certain time, NB Shades expected its first product to complete production around March 15, 2022; otherwise, denied.

31.    Admitted that when Plaintiff filed the Complaint, NB Shades was accepting pre-orders for its product on its website for $179.00 and expected to deliver the products on or around May 15, 2022; otherwise, denied.

32.    Denied.

33.    Denied.

34.    Admitted that NB Shades' product features a rectangular two-tone canopy that is attached to a frame on one side, that it has the ability to float in the wind on the other three sides, is approximately 17 feet wide and 8.5 feet deep, and has a curved frame, which is secured to the ground with anchor screws; otherwise, denied.

35.    Admitted that NB Shades' product is similar in size and shape to Shibumi's; otherwise denied.

36.    Admitted that NB Shades' product features a two-tone canopy that is attached to a frame on one end and the canopy has the ability to float on three sides; otherwise, denied.

5

37.    Admitted that NB Shades' product is marketed to beachgoers—along with other consumers—and sold through NB Shades' website; otherwise, denied.

38.    NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 38.

39.    Denied.

40.    Denied.

41.    Admitted that for a time, NB Shades' website included the phrase "America's Favorite Beach Shade." The texts of the websites speak for themselves; otherwise, denied.

42.    Admitted that for a time, NB Shades' website included the phrase "Wind Powered Sunsail has a free-flowing design that works with the wind – not against it.  With a light breeze, the sail becomes a cast, providing ample shade at the beach, park or ball field." The texts of the websites speak for themselves; otherwise, denied.

43.    NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 43.

44.     Admitted that for a short time, NB Shades' website included the phrase "The lightweight, easy to set-up design is a hassle-free solution to providing shade on your next day in the sun.  Sunsails weigh less than 4 pounds, making it easy to carry by even the littlest in the family." The texts of the websites speak for themselves; otherwise, denied.

45.     Admitted that for a short time, NB Shades' website included the phrase "Ample Shade Sunsail Shade provides ample shade for a party of 6 adults to sit side by side, with room for beach gear too." The texts of the websites speak for themselves; otherwise, denied.

46.     Admitted that for a short time, NB Shades' website included the phrase "Easy to Setup One person can set up in minutes to enjoy a day at the beach or provide shade on those hot days at the ball field." The texts of the websites speak for themselves; otherwise, denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.    Admitted that on or about February 11, 2022, Dane Barnes attempted to contact NB Shades through email.   The email speaks for itself; otherwise, denied.

52.    The letter dated February 16, 2022 attached as Exhibit E speaks for itself; otherwise, denied.

53.    Admitted that counsel for NB Shades responded to Plaintiff's counsel on March 4, 2022 and explained why Plaintiff's claims were baseless; otherwise, denied.

54.    Denied.

55.    Denied.

**COUNT I – TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

56.    NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

8

## COUNT II – FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

61.     NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## COUNT III – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. § 501.201 *et seq.*

67.     NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

9

**COUNT IV – FALSE ADVERTISING UNDER FLA. STAT. § 817.41**

73.     NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Admitted that Plaintiff and NB Shades are competitors; otherwise, denied.

78.     Denied.

79.     Denied.

80.     Denied.

**COUNT V – TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

81.     NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

10

86.     Denied.

87.     Denied.

88.     Denied.

**COUNT VI – UNJUST ENRICHMENT UNDER FLORIDA COMMON LAW**

89.     NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

90.     Denied.

91.     Denied.

92.     Denied.

**COUNT VII – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 *et seq.***

93.     NB Shades repeats and reincorporates by reference its responses to paragraphs 8 through 55.

94.     NB Shades lacks knowledge or information sufficient to form a belief about the existence of any potential copyright owned by Plaintiff, therefore, denied.

95.     The allegation in paragraph 95 contains a legal conclusion that requires no response; otherwise, denied.

96.     NB Shades lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations of paragraph 96.

97.     Denied.

98.     NB Shades lacks knowledge or information sufficient to form a belief as to what works Plaintiff had copyrighted, therefore, denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied that Plaintiff is entitled to an award of attorneys' fees.

103.    NB Shades admits that the Complaint sets forth a request for a trial by jury.

WHEREFORE, Defendant NB Shades, LLC requests that the Court:

A.      Enter judgment in its favor and against Plaintiff Shibumi Shade, Inc.;

B.      Award NB Shades, LLC its attorneys' fees and costs; and

C.      Grant all further relief the Court finds just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Failure to State a Claim

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense
### Good Faith and Innocent Intent

NB Shades' alleged conduct was done, if at all, with innocent intent and without any belief that any acts of NB Shades constituted an infringement or violation of any rights of Plaintiff.

### Third Affirmative Defense
### No Trade Dress Infringement

NB Shades has not infringed, and does not infringe, any valid, enforceable trade dress of Shibumi.

### Fourth Affirmative Defense
### No Rights

Plaintiff does not possess any enforceable federal, state, or common law rights in its alleged trade dress.

**Fifth Affirmative Defense**
**Functionality[1]**

Plaintiff's alleged trade dress and product design that is the subject of the Complaint, including its frame and canopy, are primarily functional and therefore are not eligible for trade dress protection as a matter of law.

**Sixth Affirmative Defense**
**Aesthetic Functionality**

Plaintiff's alleged trade dress and product design, including its frame and canopy, that are the subject of the Complaint are aesthetically functional, the exclusive use of which would put competitors at a significant non-reputational related disadvantage and therefore are not eligible for trade dress protection as a matter of law.

**Seventh Affirmative Defense**
**Lack of Inherent Distinctiveness**

Plaintiff's alleged trade dress that is the subject of the Complaint is not inherently distinctive and therefore is not eligible for trade dress protection as a matter of law.

---

[1] Apart from an affirmative defense, Plaintiff "has the burden of proving that the matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3).

14

## Eighth Affirmative Defense
## Lack of Secondary Meaning

Plaintiff's alleged trade dress that is the subject of the Complaint has not acquired secondary meaning and therefore is not eligible for trade dress protection as a matter of law.

## Ninth Affirmative Defense
## Lack of Identification

Plaintiff's alleged trade dress that is the subject of the Complaint does not identify Plaintiff as the source of the alleged trade dress and therefore is not eligible for trade dress protection as a matter of law.

## Tenth Affirmative Defense
## No Confusion

NB Shades' product is not confusingly similar with Plaintiff's alleged trade dress that is the subject of the Complaint as NB Shades' product includes different colors, a different anchoring system, and a different name, among other differences.

## Eleventh Affirmative Defense
## Trade Dress Invalidity

Plaintiff's trade dress is invalid because it is functional, nondistinctive, and has not acquired secondary meaning.

**Twelfth Affirmative Defense**
**Copyright Invalidity and Unenforceability**

Plaintiff is barred from recovering for its copyright infringement claim because Plaintiff's copyright is invalid and unenforceable for failure to comply with the requirement for copyright subject matter set forth in 17 U.S.C. § 102.

**Thirteenth Affirmative Defense**
**Fair Use**

NB Shades' alleged conduct constitutes fair use of any copyright interest Plaintiff may have, if any, in Plaintiff's website.

**Fourteenth Affirmative Defense**
**Lack of Originality**

Plaintiff is barred from recovery for its copyright infringement claims because Plaintiff's copyright lacks originality and lacks a minimal degree of creativity.

**Fifteenth Affirmative Defense**
**Adequate Remedy at Law**

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury, and an adequate remedy at law for the alleged infringement.

## COUNTERCLAIM

NB Shades, LLC, under Federal Rule of Civil Procedure 13, counterclaims against Shibumi and alleges as follows:

## NATURE OF ACTION

1.  These counterclaims seek declaratory judgments of non-infringement and invalidity of Shibumi's alleged trade dress.

## THE PARTIES

2.  NB Shades is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business at 225 Myra Street, Neptune Beach, Florida 32266.

3.  Based on information contained in the Complaint, Shibumi is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5540 Centerview Drive, Suite 204 PMB 48925, Raleigh, North Carolina 27606.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1367, and 2201-2202.

5.  Shibumi has consented to the personal jurisdiction of this Court by

commencing its action in this district, as set forth in its Complaint.

6.      Venue is permissible in this district under 28 U.S.C. §§ 1391.

### PRODUCT BACKGROUND AND FEATURES

7.      According to the Complaint, Shibumi launched its product in 2016.

8.      A picture of Shibumi's product is shown below:



9.      Shibumi's product is composed of three principal components: a frame, a canopy, and a hoop/cord/bag counterweight system.

10.     When set up, Shibumi's frame aerially suspends the canopy.

11.     The canopy flows in the wind and creates shade.

12.     The hoop (which is located at the apex of the frame/canopy), cord, and bag act as a counterweight system and support the frame and allow it to remain upright in wind.

13.    Shibumi's canopy is blue and teal.

14.    Shibumi displays its name and logo prominently on its black bag.



15.    A picture of NB Shades' product is shown below:



16.    NB Shades' canopy is two shades of green—it does not use blue.

17.  NB Shades' product uses screws connected to either side of its frame to secure its product to the ground.

18.  NB Shades' product does not use a hoop/cord/bag counterweight system.

19.  NB Shades displays its product's name, Sunsail, prominently on its carrying case, which is light green:



20.  Because of the differences identified above in paragraphs 8 through 19 among others, the trade dress of the products is not confusingly similar.

21.  Further, the features of Shibumi's alleged trade dress are primarily functional.

22.  Shibumi's trade dress is not inherently distinctive, nor has it acquired secondary meaning.

20

23.     Shibumi's alleged trade dress is not registered on the principal register.

## COUNT I
### (Declaratory Judgment of Invalidity of Trade Dress)

24.     NB Shades realleges and incorporates by reference paragraphs 1 through 23 of the Counterclaim as though fully set forth herein.

25.     Based on Shibumi's filing of the Complaint and at least NB Shades' Eleventh Affirmative Defense (Trade Dress Invalidity), an actual controversy has arisen and now exists between the parties as to the validity of Shibumi's trade dress.

26.     Under the federal declaratory judgment act, 28 U.S.C. § 2201 et seq., NB Shades requests a declaration by the Court that Shibumi has no valid, protectable trade dress and that NB Shades has not infringed, and does not infringe, any valid, enforceable, trade dress of Shibumi's.

## COUNT II
### (Declaratory Judgment of Non-Infringement of Trade Dress)

27.     NB Shades realleges and incorporates by reference paragraphs 1 through 23 of the Counterclaim as though fully set forth herein.

28. Based on Shibumi's filing of the Complaint and at least NB Shades' Third Affirmative Defense (No Trade Dress Infringement), an actual controversy exists between the parties as to the infringement of Shibumi's trade dress.

29. Under the federal declaratory judgment act, 28 U.S.C. § 2201 et seq., NB Shades requests a declaration by the Court that Shibumi has no protectable trade dress in its product and that NB Shades has not infringed, and does not infringe, any valid, enforceable, Shibumi trade dress.

### NB SHADES' PRAYER FOR RELIEF

WHEREFORE, NB Shades, LLC asks this Court to enter judgment in its favor and against Shibumi Shade, Inc. granting the following relief:

A. A declaratory judgment that Shibumi has no protectable trade dress in its shading system;

B. A declaratory judgment that Shibumi's alleged trade dress is functional and thus not protectable;

C. A declaratory judgment that Shibumi has not established secondary meaning in its trade dress;

D. That NB Shades be awarded its costs of Court; and

22

E.      An award to NB Shades of all further relief the Court finds just and

equitable.

Dated: July 13, 2022.

<div style="margin-left:2em">

BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
Professional Association

By: s/Michael E. Lockamy
      Michael E. Lockamy
      Florida Bar No. 69626
      Email: mel@bedellfirm.com
      The Bedell Building
      101 East Adams Street
      Jacksonville, Florida 32202
      Telephone: (904) 353-0211
      Facsimile: (904) 353-9307

Counsel for Defendant NB Shades, LLC

</div>

23